IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Lewis T. Babcock, Chief Judge

Civil Action No. 00-cv-01841-LTB-PAC

RICKY EUGENE CLARK, on behalf of himself and all others similarly situated,

    Plaintiff,

v.

STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, an Illinois Corporation,

    Defendant.
_____

ORDER
_____

The plaintiff, Ricky Eugene Clark, purports to represent the following putative, amended class:

> All persons who received No-Fault benefits under a Colorado State Farm Mutual Automobile Insurance Company policy and were involved in an automobile accident occurring before the date of the first renewal of the policy under which they were insured happening on or after January 1, 1999.  Excluded from the class are all State Farm executives, their legal counsel, and their immediate family members, the Court and its staff, and all employees of proposed Class Counsel.

At issue now is only the appropriateness of the proposed class definition.  Other considerations under Rule 23 will await a motion for certification of the class.  The defendant, State Farm Mutual Automobile Insurance Company ("State Farm"), challenges the class definition as inadequate.  The issue is adequately briefed and I have the benefits of the parties' oral arguments, presented on April 6, 2007.

**I.  Ambiguity**

State Farm asserts that the class definition is susceptible of two meanings.  It could be

read to include persons involved in accidents between January 1, 1999 and the present. Alternatively, it could include persons involved in accidents before first renewal of the applicable policy, but only if first renewal of the policy occurs on or after January 1, 1999. State Farm also criticizes the definition for failing to link the receipt of no-fault benefits to the accident. It postulates a person who received benefits under a compliant policy who was involved in an earlier, unrelated accident.

Mr. Clark does not respond to these arguments, but merely states conclusorily that the definition is obvious. He submits, "Any logical reading of the proposed class definition would result in the conclusion that the class includes those who were in an accident prior to the receipt of the new endorsement between January 1 and June 30 of 1999, the six (6) month window during which State Farm disseminated a corrected document." Plaintiff's Reply in Support of Plaintiff's Proposed Amended Class Definition ("Reply"), 5.

Like State Farm, I cannot discern what class Mr. Clark purports to represent. Specifically, it is not at all clear what event the phrase "on or after January 1, 1999" modifies. It might refer to the receipt of benefits on or after January 1, 1999, the involvement in an accident on or after January 1, 1999, the first renewal of the policy on or after January 1, 1999, or being insured on or after January 1, 1999. Mr. Clark compounds this ambiguity in his briefs, inserting a second date – June 30, 1999 – and variously and inconsistently tying the two dates to the receipt of benefits, renewal of the policy, notice to the beneficiary, and occurrence of the accident.

From the proffered definition, I perceive the following (envisioned) chronology of events. First, a policy issues. Second, an accident involves a beneficiary of the policy. Third, either benefits are paid or the policy is first renewed. Fourth, either the policy is first renewed or

benefits are paid. However, the ambiguity surrounding the operative date forfends identification of the class.

Mr. Clark's counsel suggested during oral argument revisions to the definition, which, he believed, would better identify the boundaries that he intended to place on the class. Implicit in these suggestions is the concession that the definition is, as written, ambiguous. Any definition proffered in support of certification under Rule 23 must resolve these ambiguities.

## II. Inclusion of non-pedestrians

State Farm asserts that the class definition improperly includes non-pedestrian benefit recipients. It argues that, to avoid overbreadth, the scope of the class must be "defined by the activities of the defendants." *Daigle v. Shell Oil Co.*, 133 F.R.D. 600, 602 (D. Colo. 1990) (citing *Alliance to End Repression v. Rochford*, 565 F.2d 975, 978 (7th Cir. 1977)). State Farm's malfeasance in this case was its failure to offer extended PIP benefits for pedestrians. Its conduct affected only those pedestrians who were prohibited from obtaining extended PIP benefits by its failure to offer those benefits. Therefore, it contends, only pedestrian claimants should be included in the class.

Mr. Clark argues that the class cannot permissibly be limited to pedestrians because the Colorado No-Fault Act requires State Farm to offer extended PIP coverage for named insureds, resident relatives, non-family occupants, and pedestrians. It matters not that the flaw in a particular policy "relates to the category of PIP claimant, or the amount of the benefits offered; the requirement is that the highest amount of benefits be included in the policy upon reformation, and by extension, all categories of eligible persons are equally aggrieved." Reply, 7.

Mr. Clark's suggestion is tantamount to abandonment of the complaint. The issue

3

throughout litigation of this case, and the sole issue raised by the allegations of Mr. Clark's complaint, has been State Farm's failure to offer extended PIP benefit coverage for pedestrians in contravention of *Brennan v. Farmers Alliance Mutual Insurance Company*, 961 P.2d 550 (Colo. Ct. App. 1998).  *See*, *Clark v. State Farm Mut. Auto. Ins. Co.*, 319 F.3d 1234, 1241 (10th Cir. 2003) ("*Clark I*"); *Clark v. State Farm Mut. Auto. Ins. Co.*, 292 F. Supp. 2d 1252 (D. Colo. 2003) ("*Clark II*"); *Clark v. State Farm Mut. Auto. Ins. Co.*, 433 F.3d 703, 713-714 (10th Cir. 2005) ("*Clark III*") ("[N]either our decision in *Clark I* nor the district court's order in *Clark II* determined the benefits to which non-pedestrians are entitled.").

Mr. Clark's proposal implicates issues not reasonably related to the dispute in this case. Under his reasoning, every defect in every State Farm automobile insurance policy offering should predicate eligibility for the class.  He offered at oral argument no reason for limiting the class to those claimants covered by a policy not in compliance with Subsection 707(1) of the Colorado No-Fault Act.

Mr. Clark cites *Breaux v. American Family Mut. Ins. Co.*, 387 F. Supp. 2d 1154 (D. Colo. 2005) for the proposition that reformation is not limited by the nature of State Farm's error. In that decision, Judge Nottingham considered an admission by the defendant insurance company that it had not complied with Colo. Rev. Stat. § 10-4-710(2)(a)(II), which requires insurers to offer extended PIP coverage of unlimited medical expenses and enhanced wage losses.  *Id*. at 1162.  Conceding its failure, the defendant of its own volition treated the plaintiff's policy as reformed to comply with the statute.  *Id*. at 1159, 1164.  Judge Nottingham accepted this agreement and determined the applicable date of reformation.  *Id*. at 1164.  He also applied to the reformation the $200,000 aggregate limit provided in the statute.  *Id*. at 1165.  Nothing in the

decision supports the argument Mr. Clark makes here.

That the law requires State Farm to offer some protection that it did not, in fact, offer does not lead to the conclusion that any person entitled to benefits under a reformed policy should be admitted into *this* class. If Mr. Clark is to move for class certification under Fed. R. Civ. P. 23, he must propose a class of persons who have suffered damages as a result of the malfeasance State Farm is alleged in this case to have committed.

### III.  Other issues

State Farm raises other objections that go to the question of certification pursuant to Fed. R. Civ. P. 23. I decline to consider those issues at this time.

Accordingly, it is ORDERED that:

1) Mr. Clark shall file any motions to certify a class and/or motions to amend the class definition on or before May 1, 2007; and

2) any such motions shall comply with the standards enunciated in this ORDER.

Dated: April __9th__, 2007 in Denver, Colorado.

BY THE COURT:

    s/Lewis T. Babcock
Lewis T. Babcock, Chief Judge