# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO
# LEWIS T. BABCOCK, JUDGE

Civil Action No. 00-cv-01841-LTB-PAC

RICKY EUGENE CLARK, on behalf of himself and all others similarly situated,

    Plaintiff,

v.

STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, an Illinois Corporation,

    Defendant.

_____

## Order
_____

This motion is brought pursuant to Fed. R. Civ. P. 24 to allow three individuals to intervene as named plaintiffs in this putative class action case. For the reasons stated below, this motion is DENIED.

## I.  BACKGROUND

This case stems from a dispute over an insurance policy between plaintiff Ricky Eugene Clark ("Clark") and State Farm Mutual Insurance Company ("State Farm"). In 1996 Clark, while crossing an intersection on foot, was struck by a vehicle driven by a State Farm insured driver. Clark suffered personal injuries, and incurred medical and rehabilitative expenses and lost wages. He was insured under the driver's policy and received personal injury ("PIP") benefits, but these PIP benefits only included the minimum coverages as specified in Col. Rev. Stat. § 10-4-706. State Farm did not at that time offer its insured extended PIP benefits. As a result, Clark received lost wage benefits for 52 weeks and less than 85% of his lost income, as specified in the policy.

A key issue at an earlier stage of this litigation was whether *Brennan v. Farmers Alliance Mut. Ins. Co.,* 961 P.2d 550 (Colo. Ct. App. 1998), requiring insurance companies to offer extended PIP coverage, applied retroactively. The U.S. District Court ruled that it did not; the Tenth Circuit, on appeal, ruled that it did. *Clark v. State Farm Mut. Auto Ins. Co.,* 319 F.3d 1234 (10th Cir. 2003) ("*Clark I*"). The Tenth Circuit remanded to the district court to determine the effective date of reformation of the policy. *Id.* at 1242-1243.

The District Court determined that the effective reformation date was December 19, 2003, and established the levels of additional benefits to which Clark was entitled under the reformed policy. *Clark v. State Farm Mut. Auto Ins. Co.,* 292 F. Supp. 2d 1252, 1268-1269 (D. Colo. 2003) ("*Clark II*"). The Tenth Circuit later affirmed this decision in its entirety. *Clark v State Farm Mut. Auto Ins. Co.,* 433 F.3d 703 (10th Cir. 2005) ("*Clark III*").

While all of Clark's individual claims have now been satisfied and resolved, still pending is Clark's class action claim. On May 14, 2007 Clark filed a motion for class certification. He also filed that same day this motion to intervene, proposing to add three new named plaintiffs as putative class representatives. The proposed intervenors, Roy McIntosh, Florinda Reed and Matthias Hobza, all were involved in accidents with State Farm Insured vehicles after 1998, and all received either the minimum PIP benefits or less PIP benefits than they believe they are entitled to receive. The parties agree, and I so stated in an Order June 5, 2007, that the motion to intervene must be resolved before resolving the motion for class certification.

## II.  DISCUSSION

Plaintiffs seek to add McIntosh, Reed and Hobza as putative class representatives and named plaintiffs as intervention of right under Fed. R. Civ. P. 24(a) and as permissive intervention

2

under Fed. R. Civ. P. 24(b).

A.      Intervention of Right

Rule 24(a) allows an applicant to intervene in an ongoing litigation as a matter of right when

> "(1) the application is timely, (2) the applicant claims an interest relating to the property or transaction which is the subject of the action, (3) the applicant's interest may be impaired or impeded, and (4) the applicant's interest is not adequately represented by existing parties."

*Elliott Industries Ltd. Partnership v. BP America Production Co.*, 407 F.3d 1091, 1103 (10th Cir. 2005).   State Farm challenges this motion as untimely, and asserts that the intervenors' interests will not be impaired if they cannot join this action.

"The timeliness of a motion to intervene is assessed 'in light of all the circumstances, including the length of time since the applicant knew of his interest in the case, prejudice to the existing parties, prejudice to the applicant, and the existence of any unusual circumstances.'" *Utah Ass'n of Counties v. Clinton,* 255 F.3d 1246, 1250 (10th Cir. 2001). "The analysis is contextual: absolute measures of timeliness should be ignored." *Id.* "Federal courts should allow intervention 'where no one would be hurt and greater justice could be attained.'" *Id.*

Here, this motion comes more than six years after the commencement of this case and more than a year after the claims of the named plaintiff, Clark, have been fully adjudicated and satisfied. Moreover, State Farm contends that all three proposed intervenors have been aware of their claims against State Farm, and have been represented by Counsel, at least since 2000.  The proposed intervenors acknowledge that they were aware of their interest in this case at least since April of 2003, since their Memorandum in Support of their Motion to Intervene refers to their

3

assumption that Clark would represent their interests, based on an Order of this court in April of 2003 stating that Clark's reformation claim would be resolved before class certification. Additionally, the proposed intervenors acknowledge that it has been clear since 2003, after *Clark I*, that a potential class action was pending that affected their interests.

"A party seeking to intervene must act as soon as he knows or has reason to know that his interests might be adversely affected by the outcome of the litigation." *Utah v. Kennecott Corp.,* 232 F.R.D. 392, 396 (D. Utah 2005). However, the proposed intervenors, citing *In re Bridgestone Securities Litigation,* 430 F. Supp. 2d 728, 740 (M.D. Tenn. 2006), contend that the relevant inquiry is not when they first learned of their general interest in the case, but when they first became aware of Clark's potential inability to represent their interests. They assert that this did not occur until November 20, 2006, when State Farm argued in its response to the proposed class definition that Clark lacked standing because all of his injuries have been addressed. (The April 9, 2007 Order on class definition did not address this issue.) This motion, accordingly, is timely because it addresses a recent challenge to Clark's ability to represent the proposed intervenors' interests.

I disagree. In *Bridgestone,* the litigation was at a much earlier stage, and the motion to intervene was filed while the court was still considering motions to dismiss and discovery had been stayed. *Id.*   Moreover, even accepting the proposed intervenors' implicit argument that it is the issue of Clark's standing as class representative that triggered their obligation to intervene, the record shows that they first became aware of this issue in February of 2006, when Clark's counsel communicated to State Farm's counsel that he would not accept any payments of the judgment that would "limit (Clark's) ability to serve as class representative."  At this time, the

Carey Law Firm was representing proposed intervenor Reed, as well as Clark. The proposed intervenors do not explain the delay of 15 months until their filing in May of 2007. They also do not explain why they failed to intervene at other points when their interests diverged from Clark's. For example, their accidents all occurred post-*Brennan,* so their claims were not at risk from the retroactivity argument State Farm invoked in reliance on *Brennan.* Despite this obvious divergence in interests, the proposed intervenors did not file this motion at that time.

State Farm contends also that it would suffer prejudice from allowing intervention at this point in the litigation. The prejudice prong of the timeliness test addresses prejudice caused by the intervenors' delay in joining the case, not the prejudice caused by the intervention itself. *Utah Ass'n of Counties,* 255 F.3d at 1251. Stated differently, prejudice addresses the burdens associated the tardiness of the filing of the motion; not with a burden that would have existed even if the motion had been filed in a timely fashion.

Here, State Farm argues that it will be prejudiced by the proposed intervention because adding each individual plaintiff will require discovery, briefing and potentially additional hearings to resolve the effective date of reformation. However, this is the kind of prejudice caused by adding parties, not by adding parties later in the litigation. This kind of added workload not attributable to the delay in filing is not prejudicial. *Id.*

State Farm also argues that it has already suffered prejudice through delay because resolving this motion has postponed disposition of class certification. Additionally, the parties agree that if I grant this motion State Farm will need additional time to depose the additional class representatives, which, if this motion had been filed earlier, might have occurred concurrent with other aspects of this litigation. I conclude that this factor weighs only slightly in favor of State

5

Farm and against the proposed intervenors. Adding the proposed intervenors may make this case more complex, but this is largely unrelated to their delay in filing.

State Farm argues that denying this motion will not cause any undue prejudice to the proposed intervenors or impair their interests. (The parties here address this prong of the timeliness test as essentially equivalent to the separate but overlapping test of impairment of the applicant's interests. Accordingly, I consider these as a single test here.)

The proposed intervenors do not explain how their interests will be impaired if their motion is denied. If a class in this case is certified, they still may, if they qualify, become part of the class. If a class is not certified, they may still file separate actions to assert their individual claims against State Farm. The proposed intervenors contend that their burden to show an impairment of their interest is "minimal" and that they need only show that "impairment of (their) substantial legal interest is possible if intervention is denied." *Utah Ass'n of Counties,* 255 F.3d at 1253. However, in *Utah Ass'n of Counties* the adverse ruling that threatened to impair the intervenor's interests would have had a *stare decisis* effect on the entire action. *Id.* at 1254. That case concerned the legality of a federal national monument designation. *Id.* at 1248. If the monument were declared invalid, the intervenors could not protect their interests through subsequent legal action. *Id.* at 1253-1254.  Here, unlike in *Utah Ass'n of Counties,* the proposed intervenors may still protect their interests by qualifying as part of the class or by filing separate actions. If they do file separately, their claims will be tolled from the time the action commenced until class certification is denied. *Crown Cork & Seal Co., Inc. v. Parker,* 462 U.S. 345, 353, 103 S. Ct. 2392, 76 L. Ed. 2d 628 (1983).  Accordingly, I find no prejudice to the proposed intervenors from denying this motion.

Finally, the proposed intervenors urge me to consider other "unusual circumstances" in this case, namely that the particular posture of this litigation favors their intervention. This court decided several years ago that reformation of Clark's policy must precede class certification and definition. The proposed intervenors argue that this ordering of the case enables State Farm to challenge Clark as class representative and, if successful to force the proposed intervenors to refile a new action.  However, I do not find anything so unique about this procedural posture as to grant the proposed intervenors special rights. While it is true that a successful challenge to Clark's status as class representative would require the proposed intervenors to refile, I do not find this unduly prejudicial to their interests (as I explained above). This is not such an unusual procedural posture as to constitute a unique factor or circumstance.

Considering all of these factors, I conclude that the proposed intervenors have not satisifed their burden under Rule 24(a) to intervene as of right.

B.    Permissive Intervention

The proposed intervenors also seek permissive intervention under Fed. R. Civ. P. 24(b). Permissive intervention under Rule 24(b) is appropriate where the motion is "timely" and if the "applicant's claim or defense andthe main action have a question of law or fact in common." I have already concluded that the proposed intervenors' motion is not timely, so the request for permissive intervention under Rule 24(b) is also denied.

It is so Ordered that Plaintiff's motion to intervene (Docket # 204) is DENIED.

**DONE and ORDERED,** this _____25th_____ of June 2007 at Denver, Colorado.

                                                                s/Lewis T. Babcock
                                                                United States District Judge